IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| MARVIN MICHAEL CREWEY | ) | Case No. 11-71179 |
| WANDA LOUISE CREWEY, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM DECISION

The matter before the Court is the Debtors' Motion to Approve Pre-Bankruptcy Counseling and Education or, in the Alternative, to Bifurcate the Case and Dismiss the Case of Wanda Louise Crewey (the "Motion"). In the Motion, the female debtor, Wanda Crewey, asks the Court to find that she has complied with the requirements of 11 U.S.C. § 109(h) or, alternatively, to bifurcate the joint case and to dismiss her resulting individual case. Argument on the Motion was heard on June 15, 2011. For the reasons that follow, the Court finds that Mrs. Crewey has not complied with the requirements of § 109(h) and will therefore grant the alternative relief sought by the Motion.

## FINDINGS OF FACT

The facts of this case are undisputed. Mrs. Crewey took an online debtor education course on May 4, 2011 from CredAbility, an approved non-profit budget and credit counseling agency. Mrs. Crewey's counsel received the certificate evidencing Mrs. Crewey's completion of the course by email, but he apparently did not note at that time that the course she had taken was not the pre-filing credit counseling required by § 109(h) but was instead the post-petition debtor education course required for a debtor to receive a discharge under Chapter 7 or Chapter 13. On May 27, in the face of an attempt by a creditor to repossess one of their vehicles,

the Debtors asked their counsel to proceed with the filing of the petition. Counsel informed the Debtors that Mr. Crewey still needed to complete the pre-filing credit counseling. When Mr. Crewey did so, counsel called CredAbility and was informed that Mr. Crewey had completed one session and Mrs. Crewey had completed two sessions. Thinking that Mrs. Crewey had therefore received the required credit counseling, counsel then filed the present petition on May 27 at 4:42 p.m.

Subsequently, counsel received the credit counseling certificate for Mr. Crewey but not for Mrs. Crewey. When counsel investigated, he discovered that the information provided to him by CredAbility was in error and that Mrs. Crewey had only taken the debtor education course. Mrs. Crewey then completed the pre-filing counseling course at 6:59 p.m. on May 27.

## CONCLUSIONS OF LAW

This Court has jurisdiction over this proceeding by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on July 24, 1984. This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A).

With a few exceptions not relevant here, an individual may not be a debtor under the Bankruptcy Code unless "such individual has, during the 180-day period ending on the date of filing of the petition by such individual, received . . . an individual or group briefing . . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. § 109(h)(1). This requirement stands separate from the post-petition debtor education course that 11 U.S.C. § 1328(g)(1) requires a debtor to take in order to receive a discharge in a Chapter 13 case and that 11 U.S.C. § 727(a)(11) requires

a debtor to take in order to receive a discharge in a Chapter 7 case. The first question presented here is whether the debtor education course taken by Mrs. Crewey prior to the filing of the petition fulfills the requirement of § 109(h)(1).

During the hearing on this matter, counsel tendered as an exhibit an outline of the debtor education course that was taken by Mrs. Crewey. A review of the outline shows that there is no indication that the course contains information about "opportunities for available credit counseling" or that it involves assisting a debtor "in performing a related budget analysis." Because of that, the Court finds that the debtor education course taken by Mrs. Crewey does not meet the requirements of § 109(h)(1). Therefore, unless the credit counseling that Mrs. Crewey received post-petition satisfies the requirements of § 109(h)(1), Mrs. Crewey is not eligible to be a debtor.

As originally enacted, § 109(h)(1) required an individual to receive the credit counseling "during the 180-day period preceding the date of filing of the petition." 11 U.S.C. § 109(h)(1) (2006). This language resulted in a dispute among the courts over whether the counseling could be received prior to, but on the same day as, the filing of the petition. *Compare In re Francisco*, 390 B.R. 700, 705 (B.A.P. 10th Cir. 2008) ("[W]e conclude that a debtor qualifies as a debtor under § 109(h) so long as he or she completes the required credit counseling at any time between 180 days before, and the moment of, filing the petition."), *with In re Gossett*, 369 B.R. 361, 371 (Bankr. N.D. Ill. 2007) ("[A] debtor who obtains the required pre-petition counseling briefing on the same day as the date upon which a petition is filed does not comply with § 109(h)(1) and is not eligible to be a debtor under title 11."). This split of authority was resolved in favor of those courts that held that the counseling could be received on

the same day the petition is filed by the enactment of the Bankruptcy Technical Corrections Act of 2010, Pub. L. No. 111-327, 124 Stat. 3557 (2010), which amended § 109(h)(1) to require the counseling to be received "during the 180-day period ending on the date of filing of the petition."

In resolving one ambiguity, however, Congress has apparently created another. It has been suggested by at least one commentator that the new language would permit a debtor to receive the credit counseling after the filing of the petition so long as it is received on the same day the petition is filed. *See* 2 *Collier on Bankruptcy* ¶ 109.09[1] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2011) ("Under the language of section 109(h), as amended in 2010, it appears that the credit counseling briefing could occur after the petition is filed, as long as it occurs on the same day. However, debtors would be well-advised to obtain the briefing prior to filing the petition if at all possible."). The Court is not, however, persuaded that the language of the amended statute is sufficiently broad to allow a debtor to receive the required credit counseling after the petition is filed.

As noted previously, before § 109(h) was amended, there was controversy among the courts as to whether a debtor could receive the required counseling on the same day the petition was filed. Courts that held that debtors could do so interpreted the term "date" as used in the statute to mean not only the specific day of the filing of the petition but also the specific time during the day that the petition was filed. *See, e.g.*, *In re Warren*, 339 B.R. 475, 480 (Bankr. E.D. Ark. 2006). One of the justifications for this interpretation was based on the placement of the requirement in § 109, which sets forth requirements for eligibility for relief under the Bankruptcy Code. Specifically, it was noted that a person's eligibility to be a debtor is

determined at the moment the petition is filed. *In re Moore*, 359 B.R. 665, 671 (Bankr. E.D. Tenn. 2006) (citing *In re Global Ocean Carriers Ltd.*, 251 B.R. 31, 37 (Bankr. D. Del. 2000)). Because Congress made counseling a condition of eligibility, Congress's main concern was to ensure that the counseling had been received by the time the debtor's eligibility is determined, which is upon the filing of the petition, and it had not intended to impose a requirement for the debtor to wait until the day after the credit counseling was received to file the petition. *Id.* at 671-73.

The same rationale mandates reading the amended statute to require an individual to receive the required credit counseling prior to the time the petition is filed. The Court agrees that the placement of the credit counseling requirement in § 109 is noteworthy. Because it is a condition for an individual's eligibility to be a debtor, it must be complied with, unless an exception applies, at the time eligibility is determined, namely, the moment the petition is filed. Section 109(h)(1) must therefore be read to require the receipt of credit counseling "during the 180-day period ending on the date," which is to say the moment, "of filing of the petition."

This reading of § 109(h) is consistent with the legislative history discussing the credit counseling requirement. Specifically, the legislative history stated that the requirement was "intended to give consumers in financial distress an opportunity to learn about the consequences of bankruptcy–such as the potentially devastating effect it can have on their credit rating–before they decide to file for bankruptcy relief." H.R. Rep. No. 109-31, pt. 1, at 18 (2005) (footnote call number omitted). Reading the statute to allow debtors to routinely participate in the required credit counseling after the petition is filed would frustrate this purpose as debtors would not be made aware of the consequences of bankruptcy until after the petition

was filed and the consequences triggered.

For those reasons, the Court finds that Wanda Crewey has not timely received the pre-petition credit counseling required by § 109(h)(1) and is ineligible to be a debtor. The Court will therefore grant the alternative relief sought by the Motion and will bifurcate the Debtors' joint case and dismiss Mrs. Crewey's resulting individual case. Orders to that effect will be entered contemporaneously herewith.

This 28th day of June, 2011.

*William F. Stone, Jr.*
UNITED STATES BANKRUPTCY JUDGE